**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RANDALL T. FENNELL,<br><br>    Plaintiff - Appellee,<br><br>  v.<br><br>MATTHEW THEODORE GREGORY, I,<br>former Attorney General; GREGORY<br>BAKA, Acting Attorney General;<br>ANTHONY WELCH, Assistant Attorney<br>General; TOM J. SCHWEIGER,<br><br>    Defendants - Appellants,<br><br>  and<br><br>BANK OF SAIPAN,<br><br>    Defendant-intervenor. | No. 09-17237<br><br>D.C. No. 1:09-cv-00019<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of the Northern Mariana Islands
Alex R. Munson, Chief District Judge, Presiding

Argued and Submitted October 14, 2010
Honolulu, Hawaii

---

　　　[*]　　This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Before: HAWKINS, McKEOWN and RAWLINSON, Circuit Judges.

Randall Fennell filed this civil rights action alleging that various Attorneys General violated Fennell's Fourteenth Amendment due process right to conflict-free counsel and First Amendment rights to free speech and access to the courts. The district court granted in part and denied in part the Attorneys General's motion to dismiss. We review *de novo* the Attorneys General's appeal of the district court's denial of absolute and qualified immunity. <u>Tennison v. City and Cnty. of San Francisco</u>, 570 F.3d 1078, 1087 (9th Cir. 2009). We affirm in part and reverse in part.

In determining whether the Attorneys General are entitled to qualified immunity, we review (1) whether the facts pled in the complaint, construed in the light most favorable to Fennell, show that the Attorneys General's conduct violated a constitutional right; and (2) whether the right was clearly established in light of the circumstances of this case. <u>See</u> <u>Saucier v. Katz</u>, 533 U.S. 194, 201 (2001), <u>overruled on other grounds by</u> <u>Pearson v. Callahan</u>, 129 S. Ct. 808 (2009).

Fennell contends that he has a constitutionally protected property interest in conflict-free counsel. However, Fennel's understanding of this interest is unique: he argues that he has a constitutional right to the appointment of outside counsel, which arose after the Office of the Attorney General began its concurrent

2

representation of an adverse party. Because Commonwealth law provides that decisions regarding the appointment of outside counsel are left to the sound discretion of government officials, Fennell does not have such a protected property interest. See Town of Castle Rock, Colo. v. Gonzales, 545 U.S. 748, 756 (2005) ("[A] benefit is not a protected entitlement if government officials may grant or deny it in their discretion.").[1] In any event, the right to conflict-free representation in this context was not clearly established for qualified immunity purposes. See Hope v. Pelzer, 536 U.S. 730, 739 (2002) ("For a constitutional right to be clearly established, its contours must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.") (internal quotations omitted). The Attorneys General are thus entitled to qualified immunity with respect to Fennell's Fourteenth Amendment due process claims.

The Attorneys General argue that the district court should have dismissed Fennell's First Amendment claims for failure to plead with proper specificity.

[1] Even assuming Fennell has a constitutionally protected property interest as the dissent describes – that "government counsel, once appointed, remain independent and conflict-free" – Fennell has failed to allege such a constitutional violation here. Fennell does not contend that the Assistant Attorney General representing him was conflicted, nor does he allege that the Attorneys General were privy to confidential information. Accordingly, because the facts pled, even construed in a light most favorable to Fennell, do not amount to a constitutional violation, the Attorneys General are entitled to qualified immunity even under the dissent's theory. See Saucier, 533 U.S. at 201.

3

Although rulings regarding the sufficiency of pleadings are not ordinarily subject to immediate appeal, we may exercise pendent jurisdiction "over an otherwise nonappealable ruling if the ruling is 'inextricably intertwined' with a claim properly before us on interlocutory appeal." Kwai Fun Wong v. United States, 373 F.3d 952, 960 (9th Cir. 2004). Because we must determine whether Fennell has pled facts constituting a constitutional violation as part of the qualified immunity inquiry, we may exercise pendent jurisdiction to review the sufficiency of Fennell's Complaint. See id. at 962 ("Whether a complaint fails to allege legally cognizable claims is . . . 'inextricably intertwined' with the qualified immunity issue.").

We agree with the Attorneys General that Fennell's Complaint fails to satisfy the pleading standards set forth in Ashcroft v. Iqbal, 129 S. Ct. 1937, 1948 (2009). See id. ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Notably, Fennell's Complaint lacks factual particularity regarding the personal involvement and conduct of the *individual* Attorneys General. See Kwai Fun Wong, 373 F.3d at 966 (dismissing on interlocutory appeal a plaintiff's Bivens claims where complaint "fail[ed] to identify what role, if any, each individual defendant had in" the alleged unconstitutional conduct); Leer v. Murphy, 844 F.2d

4

628, 634 (9th Cir. 1988) ("Sweeping conclusory allegations will not suffice . . . . The [plaintiff] must set forth specific facts as to each individual defendant's" causal role in the alleged constitutional deprivation). Accordingly, Fennell's First Amendment claims must be dismissed.

Because Fennell fails to allege differential treatment from similarly situated individuals, any equal protection claims also must be dismissed for failure to state a claim. See City of Cleburne, Tex. v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439 (1985).[2]

We affirm the district court's order, however, with respect to the denial of absolute immunity for Attorneys General Gregory and Baka. Absolute immunity applies to a "government attorney's initiation and handling of civil litigation in a state or federal court . . . [when] the government attorney is performing acts 'intimately associated with the judicial phase' of the litigation." Fry v. Melaragno, 939 F.2d 832, 837 (9th Cir. 1991). The Attorneys General's actions in response to Fennell's request for certification under the Commonwealth Employees' Liability Reform and Tort Compensation Act were not "intimately associated with the judicial phase" of litigation, nor have the Attorneys General provided any evidence

---

[2] We take no position as to whether Fennell may amend the Complaint to properly allege First Amendment and equal protection claims.

5

of a historical or common-law basis for absolute immunity in this context. <u>See</u>

<u>Buckley v. Fitzsimmons</u>, 509 U.S. 259, 274-76 (1993) (holding that when a

government attorney "functions as an administrator rather than as an officer of the

court he is entitled only to qualified immunity"). <u>See also</u> <u>Burns v. Reed</u>, 500 U.S.

478, 486 (1991) ("[T]he official seeking absolute immunity bears the burden of

showing that such immunity is justified for the function in question.").

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

Each party shall bear its own costs on appeal.

FILED

JAN 31 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

***Fennell v. Gregory*, Case No. 09-17237**
**Rawlinson, Circuit Judge, concurring:**

I concur in the result.

*Fennell v. Gregory*, No. 09-17237

HAWKINS, Circuit Judge, concurring in part and dissenting in part:

I agree that absolute immunity is not available to Defendants Gregory and Baka and concur in that part of the disposition. I also concur in the dismissal of Plaintiff's equal protection claims. However, because I believe Fennell's Complaint provides a colorable, if perhaps insufficiently detailed, basis for assertion of due process and First Amendment violations, I would remand to the district court to permit Fennell to amend his Complaint. I would not conclude that the Attorneys General are entitled to qualified immunity with respect to these claims at this time.

The discretionary nature of the Commonwealth law providing public employees with government counsel may preclude Fennell from claiming a property interest in appointed counsel, but it has no bearing on his clearly established due process right to have government counsel, once appointed, remain independent and conflict-free. As we have previously recognized, "[e]thical canons and the common law have long prohibited the representation of adverse parties." *Smiley v. Office of Workers Comp. Programs*, 984 F.2d 278, 282 (9th Cir. 1993) (citing ABA Model Rules of Professional Conduct Rule 1.7(a) (1989); ABA Model Code of Professional Responsibility DR 5-105 (1981)); *see also Unified Sewerage Agency of Wash. Cy., Or. v. Jelco Inc.*, 646 F.2d 1339, 1345 (9th Cir. 1981); *Nat'l Farmers Union Prop. & Cas. Co. v. O'Daniel*, 329 F.2d 60, 66 (9th Cir. 1964). While the Commonwealth

Superior Court may have had discretion under the Public Employees Legal Defense and Indemnification Act, 7 CMC §§ 2301 *et seq.*, to decide whether to provide Fennell with counsel from the Office of the Attorney General, the Attorney General ("AG") lacked discretion to abandon its "duty of undivided loyalty" owed Fennell once he became a client. *See Smiley*, 984 F.2d at 282.

While there certainly are cases from various jurisdictions permitting individual attorneys from an AG's office to represent conflicting interests concurrently where private firms could not, this exceptional allowance should be permitted only where such an office provides sufficient safeguards guaranteeing independent, conflict-free representation of each client. *See, e.g.*, *State v. Klattenhoff*, 801 P.2d 548, 551-52 (Haw. 1990) (permitting concurrent representation of conflicting interests "when the AG can *ensure independent representation* for the competing parties" not resulting in prejudice to either (emphasis added)). Fennell alleges the Commonwealth AG here failed to maintain adequate safeguards in representing both him and the Mariana Public Lands Authority ("MPLA"), which is suing him.[1] The Commonwealth

---

[1] Defendants' argument that the Attorney General is obligated under Commonwealth law, *see* NMI Const. art. 3, § 11; 1 CMC § 2153(h), to represent the MPLA is unavailing, as Commonwealth law also recognizes and provides an exception for situations in which conflicts of interest may render the hiring of outside counsel appropriate. *See* 7 CMC § 2209 ("In the sole discretion of the Attorney General, outside counsel may be employed for the purposes of this Act as may be appropriate.").

Attorneys General should not be entitled to qualified immunity against such a claim. *See Hope v. Pelzer*, 536 U.S. 730, 739 (2002).

But Fennell alleges more than a failure to maintain independence of representation: he claims the AG defendants purposefully interfered with his right to conflict-free representation to intimidate and retaliate against him for his whistle-blowing activities, in violation of his First Amendment rights to free speech and access to the courts. Fennell's constitutional rights in this regard are also clearly established. *See Blair v. Bethel Sch. Dist.*, 608 F.3d 540, 543 (9th Cir. 2010); *Pratt v. Rowland*, 65 F.3d 802, 806 & n.4 (9th Cir. 1995); *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989).

Because I believe that Fennell has pled colorable due process and First Amendment claims, I respectfully dissent from the portions of the disposition concluding otherwise. To the extent that specificity is lacking in the Complaint, I would vacate and remand with instructions to allow Fennell opportunity to amend so as to comply with the pleading requirements set forth in *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009).